UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LINDA GREENE AND FRANK AURIEMMA, <br><br> PLAINTIFFS, <br><br> V. <br><br> JASON C. KNELL, CHRISTY S. KNELL, KNELL LIVING TRUST, INDIVIDUALLY, <br><br> and <br><br> VACASA, LLC with a principal place of business in the State of Oregon <br><br> DEFENDANTS. | CIVIL ACTION CASE NO. 2:21-cv-234-LEW |

**PLAINTIFFS' COMPLAINT AND JURY TRIAL DEMAND**

NOW COME Plaintiffs, Linda Greene and Frank Auriemma, by and through their attorneys, Preti Flaherty, and complains against Defendants, Jason C. Knell, Christy S. Knell, Knell Living Trust and VACASA, LLC as follows:

**PARTIES**

1. Plaintiff Linda Greene is a resident of Fairfield, County of Fairfield, State of Connecticut.

2. Plaintiff Frank Auriemma is resident of Fairfield, County of Fairfield, State of Connecticut.

3. Defendant Jason C. Knell is a resident of Dobbs Ferry, County of Westchester, State of New York.

4. Defendant Christy S. Knell is a resident of Dobbs Ferry, County of Westchester, State of New York.

1

5. Defendant Knell Living Trust on information and belief is a Trust established in order to hold title to certain real estate located at 229 Long Beach Avenue, York, Maine.

6. Defendant, VACASA, LLC (hereinafter "VACASA") on information and belief is an Oregon LLC limited liability company doing business in the State of Maine and having a principal place of business in Portland, Oregon.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00 and there is diversity of citizenship between the parties.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the events complained of occurred within the District of Maine and because Plaintiffs' claim arises out of real estate located at 229 Long Beach Avenue, York, Maine.

9. This Court has personal jurisdiction over each of the Defendants, as the Plaintiffs' claims arise out of tortious conduct committed by the Defendants in the State of Maine.

10. This Court has authority to consider the remaining causes of action under its supplemental jurisdiction to determine issues of state law, which arise out of the same transaction, pursuant to 28 U.S.C § 1367.

11. There exists between the parties an actual controversy that is judiciable in nature.

## BACKGROUND FACTS

12. In June 2019, Plaintiffs rented a rental vacation property located at 229 Long Beach Avenue, York, Maine.

17806661.1

13. The rental vacation property located at 229 Long Beach Avenue in York, Maine was owned, operated, controlled and occupied by Defendants Jason C. Knell, Christy S. Knell and the Knell Living Trust.

14. On information and belief, title to the 229 Long Beach Avenue in York, Maine was in the Knell Living Trust.

15. On information and belief, Defendant Jason C. Knell and Defendant Christy S. Knell were the sole beneficiaries of the Knell Living Trust and were the trustees of the Knell Living Trust.

16. The rental vacation property located at 229 Long Beach Avenue in York, Maine was occupied, operated and controlled by VACASA.

17. Defendant VACASA on information and belief was the property manager of the property located at 229 Long Beach Avenue in York, Maine and had been hired by Defendants Jason C. Knell, Christy S. Knell and Knell Living Trust, to manage and operate the rental property on their behalf. .

18. Pursuant to the rental agreement, Plaintiffs were to occupy the rental vacation property from June 9-12, 2019.

19. The vacation rental property was a two-story single family building directly fronting the beach in York, Maine.

20. The vacation rental property had front steps and porch leading to the front door which were used by occupants to enter and exit the property.

21. Because the subject rental vacation property was subject to professional management provided by VACASA, Plaintiffs believed that the property was safe, properly maintained and free of dangerous defects.

17806661.1

22. On June 10, 2019, Plaintiff, Linda Greene, went out onto the porch in front of the building.

23. While Plaintiff, Linda Greene, was standing there on the porch on the front stairs to the rental vacation home, she leaned against the railing of the porch in order to look over the railing onto the ground.

24. As she leaned against the railing, the railing of the porch suddenly collapsed causing Plaintiff, Linda Greene, to fall to the ground below and causing her to suffer personal injuries.

25. As Plaintiff Linda Greene fell to the ground, she experienced great alarm, fright and fear.

26. Plaintiff Linda Greene, through no fault of her own, suffered serious injuries in falling to the ground after the railing of the porch collapsed.

27. As a result of this fall from the platform, Plaintiff Linda Greene suffered injuries, damages and losses well in excess of $75,000.00 as follows: a) significant, severe and traumatic physical injury, including but not limited to a shattered right elbow, which to date has required two surgeries, with a fractured left patella, a fractured right iliac crest, multiple broken ribs and injuries to other areas of her body; b) permanent scarring and permanent disfiguring; c) permanent disability and impairment; d) past and future medical bills which must be repaid; e) past, present and future economic damages in the form of medical expenses and other out-of-pocket expenses; f) pain and suffering; g) inconvenience, aggravation and loss of enjoyment of life.

28. As a result of Plaintiff Linda Greene's injuries, damages and losses, Plaintiff Frank Auriemma has suffered a loss of companionship, comfort and services of his wife.

**LIABILITY FACTS**

29. The vacation rental property with its front porch and steps was owned, operated, occupied and controlled by Defendants Jason C. Knell, Christy S. Knell and the Knell Living Trust.

30. On information and belief, the vacation rental property located at 229 Long Beach Avenue in York, Maine was subject to professional management provided by Defendant VACASA which obligated Defendant VACASA to repair and maintain the subject vacation rental property in good condition, pursuant to a written contract between the VACASA and the Defendants, Jason C. Knell, Christy S. Knell and the Knell Living Trust.

31. The subject vacation rental property contained a dangerous condition in that the railing on the porch to the front stairs to the property was not properly constructed, contained defects, had been improperly repaired and did not comply with applicable building codes.

32. On information and belief, Defendants were on notice of the dangerous and defective condition of the railing to the deck of the front stairs to the building.

33. On information and belief, Defendants had made attempts to repair the railing to the porch of the front stairs to the building prior to June 10, 2019.

34. On June 10, 2019, while Plaintiff Linda Greene was leaning against the railing of the deck to the front stairs of the building, the railing suddenly, and without warning, collapsed, throwing Plaintiff Linda Greene violently to the ground resulting in severe and permanent bodily injuries.

35. Defendants knew or should have known that the railing on the front porch to the subject property was unsafe as designed and built and not in compliance with applicable building codes.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANTS JASON C. KNELL, CHRISTY S. KNELL AND THE KNELL LIVING TRUST

36. Plaintiffs Linda Greene and Frank Auriemma repeat and reallege each of the foregoing paragraphs as if set out fully herein.

37. Defendants Jason C. Knell, Christy S. Knell and the Knell Living Trust owed a duty to Plaintiff Linda Greene on June 10, 2019 to design, build and maintain the front porch, steps and railings to the vacation property located at 229 Long Beach Avenue in York, Maine in a safe and reasonable fashion.

38. As a direct and proximate result of the negligence of Jason C. Knell, Christy S. Knell and the Knell Living Trust, Plaintiff Linda Greene suffered injuries, damages and losses.

WHEREFORE, Plaintiff Linda Greene seeks compensatory damages and such other and further relief as the Court deems just and equitable.

## COUNT II
## NEGLIGENCE AGAINST DEFENDANT VACASA

39. Plaintiffs Linda Greene and Frank Auriemma repeat and reallege each of the foregoing paragraphs as if set out fully herein.

40. At all time relevant herein, Defendant VACASA had been hired by Defendants Jason C. Knell, Christy S. Knell and the Knell Living Trust to manage the subject vacation rental property located at 229 Long Beach Avenue in York, Maine.

41. On information and belief, the obligations of the Defendant VACASA as property manager are set forth in a written contract between the Defendants.

42. On information and belief, Defendant VACASA occupied, operated and controlled the rental property located at 229 Long Beach Avenue in York, Maine for the benefit of Defendants Jason C. Knell, Christy S. Knell and the Knell Living Trust.

43. On information and belief, Defendant VACASA had a contractual obligation to maintain the subject vacation rental home, inspect the subject vacation rental home and to ensure that the property was safe for the use and occupancy of persons renting the property, such as the Plaintiffs in this case.

44. Defendant VACASA had a duty to maintain the subject vacation rental home in a safe manner and to eliminate any and all dangerous conditions present in the property.

45. Defendant VACASA breached its duty by failing to maintain the property in a safe condition, free from dangerous defects that could cause injuries to person occupying the property as a direct and proximate result of the negligence of Defendant VACASA, Plaintiff Linda Greene suffered injuries, damages and losses.

WHEREFORE Plaintiff Linda Greene seeks compensatory damages and such other relief as the Court deems just and equitable.

## COUNT III
## RES IPSA LOCQUITOR
## PLAINTIFF LINDA GREENE AGAINST ALL DEFENDANTS

46. Plaintiffs Linda Greene and Frank Auriemma repeat and reallege each of the foregoing paragraphs as if set out fully herein.

47. At all times relevant to these claims, the subject rental property, including the front porch and stairs were under the Defendants' exclusive control, operation and management.

48. In the ordinary course of events, the incident, involving the collapse of the railing on the front porch to the vacation rental home would not have occurred in the absence of negligence and carelessness.

49. Except for the negligence and carelessness of the Defendants in maintaining the subject vacation rental home, there are no other possible responsible causes for the accident of

17806661.1

June 10, 2019, including any conduct on the part of Plaintiff, Linda Greene, or any other third-person.

50. As a direct and proximate result of this event, Plaintiff Linda Greene suffered injuries, damages and losses.

WHEREFORE, Plaintiff Linda Greene seeks compensatory damages and such other and further relief as this Court deems just and equitable.

### COUNT IV
### LOSS OF CONSORTIUM-PLAINTIFF FRANK AURIEMMA
### AGAINST ALL DEFENDANTS PURSUANT TO 14 M.R.S.A. § 302

51. Plaintiffs Linda Greene and Frank Auriemma repeat and reallege each of the foregoing paragraphs as if set out fully herein.

52. On or about June 10, 2019, Defendants owed a duty of care to Plaintiff Linda Greene to maintain the premises consisting of the vacation rental property reasonably safe and in compliance with all applicable building codes so as to prevent injury to persons lawfully on the property.

53. As a direct proximate result of Defendants' breaches of duties owed to Plaintiff Linda Greene, Plaintiff Linda Greene suffered severe injuries, damages and losses on June 10, 2019.

54. Plaintiffs Linda Greene and Frank Auriemma have been married at all times relevant to this Complaint.

55. Plaintiffs Linda Greene's injuries, damages and losses caused a loss of consortium to Plaintiff, Frank Auriemma, including but not limited to, loss of companionship, loss of comfort and loss of services.

17806661.1

WHEREFORE Plaintiff Frank Auriemma seeks compensatory damages and such other and further relief as the Court deems just and equitable.

### COUNT V
### UNFAIR TRADE PRACTICES ACT VIOLATION AGAINST DEFENDANTS JASON C. KNELL, CHRISTY S. KNELL, AND KNELL LIVING TRUST

56. Plaintiffs Linda Greene and Frank Auriemma repeat and reallege each of the foregoing paragraphs as if set out fully herein.

57. The subject rental vacation home located at 229 Long Beach Avenue, York, Maine was a commercial property that was owned, occupied and operated by Defendants, Jason C. Knell, Christy S. Knell and the Knell Living Trust in order to generate rental income and was not otherwise utilized as a residence by any of these Defendants.

58. Defendants Jason C. Knell, Christy S. Knell and the Knell Living Trust have violated 5 M.R.S.A § 207 by misrepresenting to Plaintiff Linda Greene, through their agents, that the subject vacation rental property was in a safe condition and was reasonably free of hazardous conditions.

59. In reliance upon the representations about the safe condition of the subject vacation rental property and representations that it was well maintained and professionally managed, Plaintiffs undertook to rent the subject vacation rental home.

60. Contrary to the representations that were made, the subject rental property was in an unsafe and dangerous condition and failed to comply with applicable building codes.

61. At least thirty (30) days prior to the filing of this action, Plaintiffs, through their attorneys, have given Defendants a written demand for relief.

WHEREFORE, Plaintiffs demand judgment as follows: a) actual damages in the exact amount of Plaintiff Linda Greene's medical bills, and out-of-pocket expenses; b) costs and

17806661.1

disbursements incurred by Plaintiff in connection with the prosecution of this action; c) Plaintiff's attorney's fees and costs of suits and d) such other and further relief as the Court deems just and proper.

## JURY TRIAL REQUEST

62. Plaintiffs request a jury trial in this matter in all counts so triable.

                                                      Respectfully Submitted,

Dated: August 16, 2021                /s/ Jeffrey T. Edwards
                                                 Jeffrey T. Edwards, Esq.
                                                 Attorney for Plaintiffs

                                                 PRETI, FLAHERTY
                                                 One City Center
                                                 P.O. Box 9546
                                                 Portland, ME 04112-9546
                                                 (207) 791-3000
                                                 jedwards@preti.com

17806661.1